**SO ORDERED: April 9, 2026.**



_____
**James M. Carr**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LOC BUU PHAN, | ) | Case No. 25-01873-JMC-13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| YOVANI NAVARRETE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 25-50072 |
| | ) | |
| LOC BUU PHAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY DENYING MOTION FOR SUMMARY JUDGMENT

THIS ADVERSARY PROCEEDING comes before the Court on _Defendant's Motion for Summary Judgment_ filed by Loc Buu Phan ("Debtor") on December 19, 2025 (Docket No. 36) (the "Motion"). The Court, having reviewed the Motion, _Plaintiff's Opposition to Defendant's Motion for Summary Judgment_ filed by Yovani Navarrete ("Creditor") on January 15, 2026 (Docket No. 44), and the _Amended Complaint to Determine Dischargeability of Debt_ filed by Creditor on November 12, 2025 (Docket No. 14) (the "Complaint"), and being duly advised,

now DENIES the Motion.

*Summary Judgment Standard*

Debtor moves the Court to enter summary judgment in his favor and against Creditor pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.  To obtain summary judgment, Debtor must show that there is no genuine dispute as to any material fact and that Debtor is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The burden rests on Debtor, as the moving party, to demonstrate that there is an absence of evidence to support the case of Creditor, the nonmoving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  After Debtor demonstrates the absence of a genuine issue for trial, the responsibility shifts to Creditor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment.  *Id*. at 324, 106 S.Ct. at 2553.  If Creditor does not come forward with evidence that would reasonably permit the Court to find in Creditor's favor on a material issue of fact (and if the law is with Debtor), then the Court must enter summary judgment against Creditor. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986)).

*Positions of the Parties*

On June 17, 2025, Creditor filed Proof of Claim No. 15-1 in the underlying bankruptcy case, asserting a general unsecured claim for $7,431.38 (the "Debt") based on Debtor's alleged failure to pay wages earned by Creditor.  Creditor asks the Court to except the Debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

Debtor moves for summary judgment, asserting that there is no basis for the Court to

conclude that Debtor made a false representation to Creditor or that Debtor acted with actual fraud in failing to pay wages.  Moreover, Debtor asserts that any representation he made with regard to future facts concerning payment may not be considered as a false representation.

*Reasoning*

Pursuant to 11 U.S.C. § 523(a)(2)(A), Creditor asks the Court to except the Debt from discharge because the Debt was obtained by false pretenses, false representation, or actual fraud.

Exceptions to discharge under § 523 "are to be construed strictly against a creditor and liberally in favor of the debtor." *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985).  "The burden is on the objecting creditor to prove exceptions to discharge." *Goldberg Secs., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992) (citation omitted).  The burden of proof required is a preponderance of the evidence.  *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

Section 523 provides, in relevant part:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt –
…
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition … .

The Seventh Circuit Court of Appeals distinguishes material differences among the three possible grounds for nondischargeability under § 523(a)(2)(A) and has formulated two different tests, one for both "false pretenses" and "false representation" and another for "actual fraud." *See Rae v. Scarpello (In re Scarpello)*, 272 B.R. 691, 699-700 (Bankr. N.D. Ill. 2002) (citing *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000)).

To prevail on a nondischargeability claim under the "false pretenses" or "false representation" theory, a creditor must prove all of the following elements: "(1) the debtor made

a false representation or omission, (2) that the debtor (a) knew was false or made with reckless disregard for the truth and (b) was made with the intent to deceive, (3) upon which the creditor justifiably relied." *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010) (citations omitted).

"What constitutes 'false pretenses' in the context of § 523(a)(2)(A) has been defined as 'implied misrepresentations or conduct intended to create and foster a false impression.' " *Mem'l Hosp. v. Sarama (In re Sarama)*, 192 B.R. 922, 927 (Bankr. N.D. Ill. 1996) (quoting *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 959 (Bankr. N.D. Ill. 1995) (quotations omitted)). "False pretenses do not necessarily require overt misrepresentations. Instead, omissions or a failure to disclose on the part of the debtor can constitute misrepresentations where the circumstances are such that omissions or failure to disclose create a false impression which is known by the debtor." *Id.* at 928 (citation omitted).

A "false representation" can be shown by the debtor's written statement, spoken statement or conduct. *Deady v. Hanson (In re Hanson),* 432 B.R. 758, 772 (Bankr. N.D. Ill. 2010) (citing *Bletnitsky v. Jairath (In re Jairath)*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001)). "A debtor's failure to disclose pertinent information may be a false representation where the circumstances imply a specific set of facts and disclosure is necessary to correct what would otherwise be a false impression." *Id.* (citing *Trizna & Lepri v. Malcolm (In re Malcolm),* 145 B.R. 259, 263 (Bankr. N.D. Ill. 1992)). "An intentional falsehood relied on under § 523(a)(2)(A) must concern a material fact." *Scarpello*, 272 B.R. at 700 (citing *Jairath*, 259 B.R. at 314).

Justifiable reliance is an intermediate level of reliance which is less stringent than "reasonable reliance" but more stringent than "reliance in fact." *See Field v. Mans*, 516 U.S. 59, 72-73, 116 S.Ct. 437, 445, 133 L.Ed.2d 351 (1995). Justifiable reliance requires only that the creditor did not "blindly [rely] upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation" and

imposes no duty on the creditor to investigate unless the falsity of the representation is readily apparent. *Id.* at 71, 116 S.Ct. at 444 (quotations omitted). Justifiable reliance is not measured from the objective person standard, but rather from the experiences and characteristics of the particular creditor. *Id.* (quotation omitted).

"Scienter, or intent to deceive, is … a required element under § 523(a)(2)(A) whether the claim is for a false representation, false pretenses, or actual fraud." *Gasunas v. Yotis (In re Yotis)*, 548 B.R. 485, 495 (Bankr. N.D. Ill. 2016) (citation omitted).

A debtor's intent to deceive for purposes of the false pretenses and false representation prongs on § 523(a)(2)(A) "is measured by a debtor's subjective intention at the time the representation was made." *Scarpello*, 272 B.R. at 700 (citing *Mercantile Bank v. Canovas*, 237 B.R. 423, 428 (Bankr. N.D. Ill. 1998)). "Because direct proof of fraudulent intent is often unavailable, fraudulent intent may be inferred from the surrounding circumstances." *Hanson*, 432 B.R. at 773 (internal citations omitted).

"[A]ctual fraud is broader than misrepresentation," *McClellan*, 217 F.3d at 893, in that neither a debtor's misrepresentation nor a creditor's reliance is necessary to prove nondischargeability for "actual fraud." *Scarpello*, 272 B.R. at 700 (citing *McClellan*, 217 F.3d at 894). "Actual fraud" is defined as "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another" which includes "all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *McClellan*, 217 F.3d at 893 (quotations omitted). *See also Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 356, 359-60, 136 S.Ct. 1581, 1586, 194 L.Ed.2d 655 (2016) ("The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud … that can be effected without a false representation. … The word 'actual' has a simple meaning in the context of common-law fraud: It denotes any fraud that 'involv[es] moral turpitude or intentional wrong.' … [A]nything that counts as 'fraud' and is

done with wrongful intent is 'actual fraud.' ") (internal citation omitted).  In such cases, a creditor must prove "(1) a fraud occurred; (2) the debtor intended to defraud the creditor; and (3) the fraud created the debt that is the subject of the discharge dispute." *Hanson*, 432 B.R. at 772 (citing *McClellan*, 217 F.3d at 894).

"[T]he focus of an 'actual fraud' claim is on the defendant's state of mind at the time of his purportedly fraudulent conduct." *Merritt v. Wiszniewski (In re Wiszniewski)*, 2010 WL 3488960 at *5 (Bankr. N.D. Ill. 2010) (citation omitted).

"The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359, 136 S.Ct. 1581, 1586 (2016).

An exception to discharge under § 523(a)(2)(A) "encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen v. De La Cruz*, 523 U.S. 213, 223, 118 S. Ct. 1212, 1219, 140 L.Ed.2d 341 (1998).

The main factual basis underlying Creditor's claim is that Debtor gave Creditor "repeated promises of payment and without forewarning of financial difficulty". (Complaint, ¶ 2.)  We are still in the discovery phase of this adversary proceeding.  The evidence needed to prove Creditor's case may not yet be fully in Creditor's possession or control.

Creditor's Complaint may ultimately raise the issue of whether an alleged misrepresentation that Debtor would pay Creditor is about *future* facts and conduct and therefore cannot qualify as a false representation under § 523(a)(2)(A).  "[A] promise to act in the future is not by itself a false representation under § 523(a)(2)(A)." *Jairath*, 259 B.R. at 316 (citation omitted).  However, the evidence that Creditor may present at trial may not focus on

misrepresentation at all, but may instead be based on asserted false pretenses or "deceit, artifice, trick or design" by Debtor.

Summary judgment is not appropriate at this time.  Genuine issues of material fact, including without limitation Debtor's actions and intent, exist.

*Conclusion*

For the reasons set for the above, the Motion is DENIED.

The Court will hold a telephonic status conference on **May 7, 2026 at 10:00 a.m. EDT**. To participate, parties should call (571) 353-2301, Meeting ID 734120790.

IT IS SO ORDERED.

# # #